FILED '22 09 06 AM09:08 MDGA-MAC

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

QUINCY BERNARD JONES
    PLAINTIFF,

V.

FEATHERSTONE CONDOMINIUM
HOMEOWNERS ASSOC. INC., et al. (Registered Agent, Board members)
    <u>DEFENDANT.</u>

COMPLAINT PURSUANT TO THE FEDERAL
FAIR HOUSING ACT SECT. 800-"818", 42 U.S.C.
§§ 3601-3619, Title VIII of THE CIVIL RIGHTS
ACT OF 1968 as amended 1988, GEORGIA
FAIR HOUSING LAW, GA. CODE §§ 8-3-200, 8-3-202,
§§ 8-3-204, "C.F.R. § 100.400 (C)(5)" and all other
applicable Sections, Statutes, Codes and Code of
Federal Regulations...

Comes now, The Plaintiff, Quincy Bernard
Jones, Pro se and pursuant to The Federal
Fair Housing Act, Section 800-818, 42 U.S.C.
§§ 3601-3619, Title VIII of The Civil Rights
Act of 1968 as amended 1988, Georgia Fair
Housing LAW, GA. Code §§ 8-3-200, §§ 8-3-204, 8-3-202
C.F.R. § 100.400 (C)(5) and all other applicable
Sections, Statutes, Codes and C.F.R. moves this
Honorable Court to enter judgment against the
above named defendant ordering defendant to
accommodate Plaintiff by changing it's policy

(1)

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

QUINCY BERNARD JONES
　　PLAINTIFF,

V.

FEATHERSTONE CONDOMINIUM
HOMEOWNERS ASSOC. INC., et al. (Registered Agent, Board members)
　　DEFENDANT.

COMPLAINT PURSUANT TO THE FEDERAL FAIR HOUSING ACT SECT. 800-"818", 42 U.S.C. §§ 3601-3619, Title VIII of THE CIVIL RIGHTS ACT OF 1968 as amended 1988, GEORGIA FAIR HOUSING LAW, GA. CODE §§ 8-3-200, 8-3-202, §§ 8-3-204, "C.F.R. § 100.400 (C)(5)" and all other applicable Sections, Statutes, Codes and Code of Federal Regulations...

Comes now, The Plaintiff, Quincy Bernard Jones, Pro se and pursuant to The Federal Fair Housing Act, Section 800-818, 42 U.S.C. §§ 3601-3619, Title VIII of The Civil Rights Act of 1968 as amended 1988, Georgia Fair Housing LAW, GA. Code §§ 8-3-200, §§ 8-3-204, 8-3-202 C.F.R. § 100.400 (C)(5) and all other applicable Sections, Statutes, Codes and C.F.R moves this Honorable Court to enter judgment against the above named defendant ordering defendant to accommodate Plaintiff by changing it's policy

(1)

In reference to plaintiff having to go through his landlord for work order(s) to be requested unlike other tenants and homeowners living in the Association, the removal of filled bait boxes as they produce smells that aggravates plaintiff's COPD & Asthma and replace them with new ones, pay for a adequate and properly repaired roof because the current roof, no holes were patched, just shingles stacked on top of shingles which water leaks as a result and causing mold in my unit, the mold smell irritates my lungs, makes me cough harsher than normal which as a result affects my COPD & Asthma, and to repair and open the pool in the association because this will allow me to excercise my arms and hands due to an injury that happened on the association's property as swimming is good excercise for injured arm(s), hand(s), also because as a tenant, I moved into the association with pool access and haven't been able to use the pool in 3 plus years due to poor maintainence and misappropiation of funds. Also if I had access to use the pool it would be theauraputic to my hands, legs, and arms. and plaintiff could fully enjoy the dwelling as equal opportunity to enjoy the full dwelling is supported by federal law and state law. Further plaintiff demands a jury trial, compensation in the amount of 1 million dollars for mental stress, anguish, and emotional stress, plaintiff further state as follow... Also retaliation Sec. 818, FHA

(2)

(JURISDICTION)

The named defendant in this Complaint can be sued under all stated Codes, Sections, Statutes and C.F.R in this Complaint. Plaintiff is not required to exhaust administrative remedies before bringing action against the defendant in this Court under all stated Codes, Sections, Statutes and C.F.R. in this Complaint. This Court has jurisdiction.

(STATEMENT OF FACTS)

On June 26, 2022 plaintiff wrote the defendant in this action a letter requesting four reasonable accommodations and/or modifications so that he can fully enjoy his dwelling (see exibit A). Almost 2 weeks later plaintiff wrote the defendant a letter inquiring about the status of the letter requesting reasonable accommodations and modifications. The letter plaintiff wrote inquiring about the status of his letter requesting reasonable accommodations and modifications was wrote on July 7, 2022. (See exibit B). As of July 30, 2022 the defendant has yet to respond to either letter. On July 30, 2022 plaintiff sent defendant and defendant's attorney on record a letter of intent to sue. (See exibit C). As of today defendant still hasn't responded. Defendant should have known plaintiff was disabled as a result of plaintiff's current pending FHA claim in this Court with supporting documents (See Case No. 5:21-cv-00351. Plaintiff didn't bring the current claims up in the previous claim due to time and the fact that they are newly discovered claims.

(3)

(ARGUMENT)

Plaintiff is disabled within the meaning of the FHA as he suffers from multiple disabilities such as anxiety, depression, COPD, & Asthma, (see exibit D). Plaintiff requested a reasonable accommodation, the requested accommodations is/was neccessary to afford him an equal opportunity to use and enjoy his dwelling and as a result of the defendant failing to respond to plaintiff's letter(s) requesting reasonable accommodations and modifications and plaintiff's letter of intent to sue, plausibly raise questions of Constructive denial. As an indeterminate delay has the same effect as an outright denial. Further, defendant is failing to respond to plaintiff's letter of requests for reasonable accommodations and modifications, letter of inquiry of status, and letter of intent to sue, as a result of "Retaliation" due to plaintiff filing a previous Complaint under the Fair Housing Act in this Court under Civil Case Number 5:21-cv-00351 MTT, which interferes with plaintiff's exercise of rights granted under the FHA. Plaintiff suffers adverse actions by way of being constructively denied reasonable accommodation(s) and modification(s) by defendant, where defendant is failing to respond to plaintiff's letter requesting reasonable accommodations and modifications as a result of "retaliation". This honorable Court dismissed plaintiff's retaliation claim without prejudice on December 1, 2021, but now retaliation by the defendant is present. Also newly discovered Accommodations/modications requests are being constructively denied by failing to Promptly respond, Answer And not at all.



(ARGUMENT CONT): Defendant's motivation to retaliate against Plaintiff was due to Plaintiff exercising his right to file a previous (now pending) Complaint under the FHA in this Court under Civil Case No. 521cv00351 MTT

(Conclusion)
Plaintiff Concludes that the defendant is deliberately constructively denying him reasonable accommodations and modifications as a result of "Retaliation".

(Relief Sought)
Plaintiff seeks relief as follow:
This honorable Court entering a judgement against defendant Commanding defendant to grant all requested reasonable accommodations and modifications described in this Complaint, Award the plaintiff 1 million dollars in U.S. Funds for the mental stress, emotional stress, mental anguish, the retaliation, the discrimination and denial of plaintiff's request for reasonable accommodations and modifications arising out of the acts of the defendant. Plaintiff also demands a jury trial in this matter and any other justice deem proper.

(Oath)
under penalty of perjury I declare that this foregoing Complaint is true and Correct.

Quincy B. Jones
*Quincy B. Jones*
9/2/2022

(5)

(Certificate of Service)

I hereby certify that a copy of the foregoing has been furnished to defendant's attorney of record, addressed as follow: CRUSER & MITCHELL, Meridian II, Suite 2000, 275 Scientific Drive, Peachtree Corners, GA 30092 and defendant addressed as follow: Featherstone Condominium Homeowners Assoc. Inc., et al. 123 Stonehedge Drive, Warner Robins, GA 31088 on this 2nd day of September 2022.

Quincy B. Jones
Quincy B. Jones
9/2/2022

100 Stonehedge Drive
Warner Robins, GA 31088

478-442-0216
quincyjones084@gmail.com

(6)